UNITED STATES of America
v.
MORT REALTY CORPORATION.
Civ. A. No. 26869.

United States District Court
E. D. Pennsylvania.
Oct. 19, 1959.

Harold K. Wood, U. S. Atty., Charles M. Donnelly, Asst. U. S. Atty., David E. Crabtree, Philadelphia, Pa., and Daniel H. Cochrane, Office of Regional Counsel, Internal Revenue Service for United States of America, for plaintiff.

Drew J. T. O'Keefe, O'Keefe, Knecht & Ryan, Philadelphia, Pa., for defendant.

EGAN, District Judge.

In this action the United States of America, at the instance of the Commissioner of Internal Revenue, filed a suit against Mort Realty Corporation alleging that certain taxes in excess of $110,000 were due from Rudolph Motor Service, Inc., a Pennsylvania corporation, for which assessments were made by the Commissioner for the years 1953, 1954 and 1955; that these taxes remain unpaid; that on or about November 9, 1953, plaintiff, United States of America, acting through its duly authorized agents, entered into a contract with the defendant and Mark Rental Service, Inc. (which has not been named as a defendant), wherein defendant and Mark Rental Service, Inc., guaranteed payment of the taxes of the taxpayer. Plaintiff, at the same time, filed a motion for a restraining order and for a preliminary injunction to restrain the defendant from disposing of its assets pending final determination of plaintiff's claim. A hearing was had on the motion for preliminary injunction and testimony was taken.

### Discussion

■ The testimony presented at the hearing showed that the Director of Internal Revenue did not accept the offer of guarantee made in the letter of November 9, 1953, by the taxpayer and the two alleged guarantors. The testimony of the agents of the Revenue Department clearly indicated that the letter was not accepted; that the Department refused to agree that no further liens were to be filed; that the letter was not signed by anyone on behalf of the Director of Internal Revenue. We are therefore forced to the conclusion that plaintiff has failed to prove the existence of the contract upon which its action is based.

■ Even granting the existence of the contract, the right of the United States to an injunction in this proceeding is not clear or free from doubt. The United States, in its brief, points to section 7402 of the 1954 Internal Revenue Code [26 U.S.C.A. § 7402], as giving this Court jurisdiction in civil actions to issue writs and orders of injunction, etc., for the enforcement of the Internal Revenue laws. We are of the opinion that this is not an action for the enforcement of the Internal Revenue laws within the meaning of this section of the 1954 Code. It is an action upon an alleged contract of guarantee for the payment of taxes by a third party.

Being of the opinion, therefore, that the plaintiff has failed to establish the existence of the agreement of guarantee on the part of the defendant and that in any event its right to an injunction is doubtful, the motion for preliminary injunction is denied without prejudice at this time.

The foregoing constitutes our findings of fact and conclusions of law.